[Civ. No. 7743. Second Appellate District, Division Two.—May 5, 1933.]

L. S. FARMER, Respondent, v. GEORGE H. ORME, Appellant.

Leonard J. Meyberg for Appellant.

Freston & Files for Respondent.

WORKS, P. J.—The original plaintiff was the assignee of a judgment against defendant, rendered by the Supreme Court of the Province of Ontario, Canada. The present action was based upon this judgment. The decision was for plaintiff and defendant appeals.

Appellant objects that the Canadian judgment was improperly received in evidence. An attempt was made by respondent to lay a foundation for the introduction of the judgment in compliance with the provisions of section 1906 of the Code of Civil Procedure and we think it was a successful one. Appellant objects to the reception of the judgment on the ground that the certificate of the clerk of the court, or registrar, which accompanied it, named "Edmund Hurley" as the registrar, while the instrument was signed merely "E. Hurley". This certificate was accompanied by one purported to have been made by "the Right Honorable Sir William Mulock, Chief Justice of the Province of Ontario", but it was signed simply "W. Mulock". The reception of the judgment in evidence is assailed also because of this variance. The two certificates mentioned were accompanied by one executed by the vice-consul of the United States at Toronto. In this certificate it was said, "Sir William Mulock, whose name is subscribed to the paper hereto annexed, was at the time of subscribing the same, chief justice of the province of Ontario . . . and that I am well acquainted with his signature and handwriting and that the signature is genuine." This language sufficiently vouches for the fact that Sir William was chief justice and that his hand attached the signature to the certificate pur-

porting to come from him. Sir William's certificate recited that "Edmund Hurley, whose signature is subscribed to the annexed certificate, is the senior registrar of the Supreme Court of Ontario, and is the legal keeper of the records of said court, . . . and that I am well acquainted with his signature, and that his signature attached to the said certificate is genuine, . . . and that the attestation of the said certificate by the said senior registrar is in due form." Sir William having been vouched for by the vice-consul, the certificate of the former legally settles the question that Edmund Hurley was the registrar of the court and that the signature at the close of his certificate was made by him. It should be remarked also that the official seal of the court accompanied the certificate issued by Hurley, as required by section 1906. The provisions of the section were complied with and the judgment was properly received in evidence.

Appellant contends that there was nothing in the papers received in evidence to show that the Canadian judgment was final, but if it was not final that was a matter of defense for appellant (*Carter* v. *Paige*, 80 Cal. 390 [22 Pac. 188]).

Appellant says that a deposition received in evidence was not properly attested by the commissioner who was designated by the trial court to take it. We think it was, but if it was not the matter is of no moment. The deposition was not necessary to the proof of respondent's case, and appellant introduced no evidence at the trial.

After the cause was submitted for decision it was determined by the court from briefs presented by the parties, that some of the documentary evidence was insufficient. Thereafter and on motion of respondent the cause was reopened, over the objection of appellant, for the purpose of procuring further evidence from Canada, to supply the deficiency referred to. Although it was a long time before this new evidence was offered to the court, we think there was no abuse of discretion when the order to reopen was made, especially as the order conduced to a trial on the merits and resulted in a judgment for the party who was undoubtedly entitled to it.

The Canadian judgment was for the total sum of $1702.81, and in the present action respondent demanded judgment for that amount. Judgment was rendered ac-

cordingly, with costs and with interest from the date of the foreign judgment. It is contended that certain findings of the trial court are not sustained by the evidence for the reason that there was no evidence as to the value of Canadian money as compared with the money of the United States. We think the contention must be sustained. It cannot be assumed, from the mere fact that the dollar is the standard of value both in the United States and Canada, that the value of the respective standards is the same. The cause will necessarily be sent back to the trial court, but solely for the purpose of taking evidence on this question. The trial court will ascertain the value, in money of the United States, of $1702.81 in Canadian money, as of July 23, 1929, the date of the judgment in the trial court, and render judgment accordingly. The new judgment will be based upon a finding as to such value, will carry costs, and as before, will carry interest from the date of the Canadian judgment.

Appellant makes some other points, but they do not merit a particular consideration.

Judgment reversed, with directions to the trial court to proceed in accordance with the views expressed in this opinion.

Stephens, J., and Archbald, J., *pro tem.,* concurred.