[Civ. No. 3310.   Fourth Dist.   Aug. 28, 1944.]

164 EAST 72ND STREET CORPORATION (a Corporation), Appellant, v. FLORENCE ISMAY, Respondent.

F. W. Powell for Appellant.

No appearance for Respondent.

BARNARD, P. J.—This is an appeal from a judgment in favor of the defendant after a demurrer was sustained without leave to amend.

The action was brought for the purpose of establishing an English judgment. The complaint is in the usual form and alleges that the judgment, which is described, was duly entered in the High Court of Justice, King's Bench Division, in London, England, on June 25, 1935; that it remains a valid and subsisting judgment which is in full force and effect; that it has never been modified; and that no appeal has been taken therefrom. Facts are also alleged showing that the statute of limitations has not run.

No brief has been filed by the respondent. It appears, however, that the grounds of the demurrer which was sustained were that the facts stated were not sufficient to constitute a cause of action, that the court had no jurisdiction of the subject of the action, and that the complaint was uncertain in that it failed to allege that leave to enforce the judgment sued on had been obtained from the High Court of Justice, King's Bench Division in London, England. In support of the demurrer the respondent relied on the Emergency Powers Act adopted in England in 1939 (Chitty's Annual Stats., vol. 33, pp. 483-487). This act seems to provide that during the existing emergency a person shall not be entitled,

except with the leave of the appropriate court, to proceed to execution on, or otherwise enforce, any judgment or order of any court, with a provision excepting five different kinds of judgments or orders from the operation of the act.

It is stated in the appellant's brief that the trial court was of the opinion that the provisions of this English statute precluded the appellant from maintaining this action without alleging that it had first obtained leave of the appropriate English court. The sole question presented on this appeal is whether the complaint is sufficient in the absence of such an allegation.

It may be first observed that whether or not a right to take out execution upon the entry of a judgment exists is not controlling with respect to the right to maintain an action and to proceed to judgment. Whether or not one is entitled to enforce an existing judgment does not affect his right to maintain an action brought to obtain a new judgment. (*Turner* v. *Donovan*, 52 Cal.App.2d 236 [126 P.2d 187].) The enforcement of a judgment is a matter which is entirely separate and distinct from the right to procure a judgment. This being true, the statute upon which the respondent relied in the trial court, even assuming it could have later effect in this case, is no defense to the action as filed.

A further consideration is that the English statute relied upon by the respondent in the trial court was neither pleaded nor proved. The finality of a foreign judgment is to be presumed until the contrary appears. (*Farmer* v. *Orme*, 131 Cal.App. 628 [21 P.2d 977].) The presumptions are in favor of the judgment. (*People* v. *d'A Philippo*, 220 Cal. 620 [32 P.2d 962]; *Ryder* v. *Ryder*, 2 Cal.App.2d 426 [37 P.2d 1069].) The burden of proof is upon the party attacking a foreign judgment. (*Title Ins. & Tr. Co.* v. *California Dev. Co.*, 171 Cal. 173 [152 P. 542]; *Delanoy* v. *Delanoy*, 216 Cal. 23 [13 P.2d 513].) The courts are required by section 1915 of the Code of Civil Procedure to give a final judgment of a foreign country the same effect as a final judgment rendered in this state. This would seem to include giving to such a judgment the presumptions that are given to a judgment here. At the same time, the courts are neither authorized nor required to take judicial notice of the statutes of a foreign country. (Code Civ. Proc., § 1875; *Wickersham* v. *Johnston*, 104 Cal. 407 [38 P. 89, 43 Am.St.Rep. 118].)

It would follow that the English statute here in question could not be considered in the absence of pleading and proof not only of its adoption but of its present existence.

■ Moreover, if we were to take judicial notice of this English statute it does not then appear that this judgment is one which comes within the terms of that statute preventing the issuance of an execution during the emergency. It does not appear that this judgment is one which could not be presently enforced in England under the terms of that statute. That statute contains numerous exceptions and permits the issuance of execution in connection with, and the enforcement of, various kinds of judgments. It does not appear on the face of the complaint that any judgment which might be here entered could not be enforced under the terms of the English statute if the provisions of that statute were to be applied here. ■ If the statutory prohibition against enforcement of a possible judgment could in any event become applicable here it is not only a defensive matter which must be raised but it is one which relates to the procedure following the entry of a judgment and not to the right to maintain the action.

For the reasons given, the complaint sufficiently states a cause of action and the demurrer was improperly sustained.

The judgment is reversed.

Griffin, J., concurred.