HERSEY, Chief Judge.
We reverse the summary final judgment entered in this action to enforce payment of a Canadian judgment. The record contains no evidence on the issue of whether full or partial payment has been made; thus there exists a genuine material issue of fact precluding the entry of summary judgment. Allstate Insurance Co. v. Powell, 420 So.2d 113 (Fla. 4th DCA 1982).
Although reversal moots most of appellant’s points on appeal, we treat several in order to prevent recurrence of the same errors upon retrial or rehearing. First, appellant confuses lack of opportunity to be heard with failure to take advantage of the opportunity afforded. Counsel’s failure to appear at the initial hearing and subsequent failure to offer an explanation for that defalcation does not raise due process implications. But for the issue of fact we have noted, judgment could properly have been entered against him. We take a contrary view, however, as to the entry of an amended final judgment by the trial court, of which no notice was given.
Second, the court incorrectly entered an amended judgment based upon the exchange rate on the date of the Canadian judgment. We agree "with the authorities which hold that the exchange rate on the date of the later U.S. judgment is the appropriate date for determining the equivalent U.S. value of a foreign judgment. See Island Territory of Curacao v. Solitron Devices, Inc., 356 F.Supp. 1 (S.D.N.Y.), aff'd, 489 F.2d 1313 (2d Cir.1973); Farmer v. Orme, 131 Cal.App. 628, 21 P.2d 977 (1933). Further, while the trial court was correct that judicial notice may be taken of currency exchange rates, a letter from counsel is not a sufficiently authoritative source upon which to base such notice.
REVERSED AND REMANDED.
GLICKSTEIN and DELL, JJ., concur.