[No. G030640. Fourth Dist., Div. Three. Jan. 28, 2004.]

JOSEPH J. KERTESZ et al., Plaintiffs and Appellants, v.
JEROME E. OSTROVSKY, Defendant and Respondent.

COUNSEL

Law Offices of Michael G. York and Michael G. York for Plaintiffs and Appellants.

Law Offices of Ronald S. Cooper and Ronald S. Cooper for Defendant and Respondent.

OPINION

**SILLS, P. J.**—Joseph J. Kertesz and 12 other plaintiffs (appellants) appeal from the order dismissing their first amended complaint after Jerome E. Ostrovsky's (respondent) demurrer to that complaint was sustained without leave to amend. The lower court found appellants' complaint was barred by the applicable statutes of limitations. We conclude that the limitations period was tolled by respondent's petition for bankruptcy and the resulting automatic stay and reverse the judgment of dismissal accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 31, 2001, appellants filed a complaint against respondent seeking an unpaid judgment in the amount of $120,000 plus interest that was entered against respondent on January 8, 1991. Respondent demurred to the complaint on the grounds it was barred by the statutes of limitations set forth in Code of Civil Procedure sections 337.5 and 683.050.

Appellants responded to the demurrer by filing a first amended complaint, and respondent's hearing on the demurrer was taken off calendar. The operative first amended complaint realleged that a judgment in appellants' favor in the amount of $120,000 was entered against respondent on January 8, 1991. The complaint alleged that judgment was final and had not been vacated, set aside, or modified.

As a new allegation, appellants asserted that on April 12, 1991, respondent filed chapter 7 proceedings in bankruptcy court. On August 13, 1991, appellants filed a complaint in the bankruptcy court contending the judgment was nondischargeable on the ground of fraud. The bankruptcy court ruled on August 10, 1992, that the judgment was nondischargeable and entered a judgment to that effect on August 14, 1992.

Again respondent demurred, again asserting the complaint was time-barred by the applicable statutes of limitations. Respondent contended the automatic stay imposed under section 362(a) of title 11 of the United States Code

(hereafter section 362(a)) did not operate to toll the statute of limitations on enforcement of judgments. Appellants filed opposition to the demurrer and the court entertained oral argument.

The court sustained respondent's demurrer without leave to amend, stating: "Defendant Ostrovsky's demurrer to the first amended complaint is sustained without leave to amend. An action to renew the judgment under CCP section 683.050 would not have violated the stay resulting from Defendant Ostrovsky's bankruptcy. *Barnett* (1985) 170 Cal.App.3d 1079, 1092 [217 Cal.Rptr. 80]; *164 East 72nd Street Corp.* (1944) 65 Cal.App.2d 574, 576 [151 P.2d 29]. Therefore, no tolling occurred as a result of that stay and this action is time barred under the ten year period of CCP section 337.5(3). Ibid." The action was dismissed with prejudice.

In an abundance of caution, appellants appealed from the order of dismissal (G030640) and from the judgment of dismissal awarding respondent specific costs (G031373). Case Nos. G030640 and G031373 have been consolidated on appeal because they involve identical facts and issues and the same underlying case.

## DISCUSSION

"On appeal from a dismissal after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law . . . . [Citations.] We deem to be true all material facts properly pled . . . . [Citation.] If no liability exists as a matter of law, we must affirm . . . the judgment sustaining the demurrer." (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501 [82 Cal.Rptr.2d 368].)

The principal question with which we are confronted is whether the automatic stay provisions of section 362(a) tolled appellants' new action on the judgment. With these rules in mind, we examine the operative complaint with regard to whether a cause of action has been established.

*Period for Enforcement and Renewal of Judgments*

Code of Civil Procedure section 683.020, which defines the period for enforceability of judgments, provides after the expiration of 10 years after the date of entry of a money judgment or a judgment for possession or sale of property the judgment may not be enforced. One way to preserve such a judgment is to file an application for renewal under the terms of Code of Civil Procedure sections 683.120 and 683.130 *before* the expiration of the 10-year enforceability period. Such application automatically renews the

judgment for a period of 10 years. (Code Civ. Proc., § 683.120, subd. (b).) The parties agree that appellants did not file an application for renewal.

■ Alternatively, Code of Civil Procedure section 683.050 provides: "Nothing in this chapter limits any right the judgment creditor may have to bring an action on a judgment, but any such action shall be commenced within the period described by [Code of Civil Procedure] Section 337.5." Section 337.5, subdivision 3, prescribes a 10-year limitation for an "action upon a judgment or decree of any court of the United States or of any state within the United States." Thus, a *new* action on a judgment is subject to the 10-year statute of limitations set forth in Code of Civil Procedure section 337.5.

■ Here, the judgment was entered on January 8, 1991. The statute of limitations for an action on a judgment does not accrue until the judgment is final. The judgment is not final until the time within which to appeal the judgment has expired. (*Turner v. Donovan* (1942) 52 Cal.App.2d 236, 238 [126 P.2d 187].) Because no notice of entry of judgment was filed, the time to appeal was on or before 180 days after entry of judgment. (Cal. Rules of Court, rule 2(a)(3).) One hundred eighty days after January 8, 1991, was July 7, 1991.[1]

Thus, under Code of Civil Procedure section 337.5 any new action brought under Code of Civil Procedure section 683.050 had to have been filed by July 8, 2001. Appellants concede their action was filed on July 31, 2001, 10 years and 23 days after the judgment was final.

Appellants contend, however, the statute of limitations was tolled during the pendency of respondent's bankruptcy proceedings, which commenced April 12, 1991 [the parties do not inform the court of the date the bankruptcy proceedings terminated].

*Title 11 United States Code Section 362(a)*

Section 362(a) "provides for a broad stay of litigation, lien enforcement and other actions, judicial or otherwise, that are attempts to enforce or to collect prepetition claims. It also stays a wide range of actions that would affect or interfere with property of the estate, property of the debtor or property in the custody of the estate." (3 Collier on Bankruptcy (15th ed. 1996) § 362.01, pp. 362-10, 362-11 (hereafter Collier).)

The legislative history of section 362(a) shows "Congress intended to give debtors 'a breathing spell' from their creditors and to stop 'all collection

---

[1] July 7, 1991, was a Sunday. Consequently, under Code of Civil Procedure section 12a, subdivision (a), appellants' time to appeal ran out on July 8, 1991.

efforts, all harassment, and all foreclosure actions.' H.R. Rep. No. 95-595, 95th Cong., 2d Sess. (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, at 6296–97. . . . Accordingly, Section 362 is '*extremely broad* in scope' and 'should apply to *almost any type* of formal or informal action against the debtor or the property of the estate.' " (*Delpit v. C.I.R.* (1994) 18 F.3d 768, 771.)

Exceptions to the stay are based on particular policy objectives, such as a need to regulate criminal penalties or to regulate harmful environmental behavior. (Collier, supra, § 362.01, p. 362-11.)

Section 362(a) imposes a stay on eight kinds of proceedings, including:

"(1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title" (11 U.S.C. § 362(a)(1)).

"(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title" (11 U.S.C. § 362(a)(2)).

"(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" (11 U.S.C. § 362(a)(3)).

"(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title" (11 U.S.C. § 362(a)(6)).

Appellants contend whether a new action on a judgment is viewed as a continuation of an action against the debtor or the commencement of an action or proceeding, such an action falls squarely within the automatic stay provisions. As such the commencement of a new action on the judgment was stayed or tolled during respondent's bankruptcy proceeding. We agree.

Respondent raises two arguments as to why section 362(a) does not stay appellants' action. We reject each argument. Respondent first relies upon *Barnett v. Lewis* (1985) 170 Cal.App.3d 1079 [217 Cal.Rptr. 80] (*Barnett*), for the proposition that the automatic stay provisions do not apply to the commencement of a new action on a judgment. Respondent's reliance on *Barnett* is misplaced.

In *Barnett* a minority shareholder petitioned the court for supervision of winding up proceedings of a mining company, Southwestern. On October 6,

1971, the court ordered the sale by the corporation of its assets, with a portion of the proceeds to satisfy a claim by the majority shareholder, a portion to be held to cover a claim by the minority shareholder, and the remainder to be distributed to the shareholders. None of the provisions of the judgment were complied with. (*Barnett, supra,* 170 Cal.App.3d at p. 1083.)

The majority shareholder in *Barnett* died and his successors in interest (appellants) inherited his shares of the corporation. Meanwhile, respondent minority shareholder filed chapter 11 proceedings in bankruptcy court, listing himself as the sole owner of the corporation. On March 21, 1983, appellants filed a complaint against respondent and Southwestern for the *renewal* of the original judgment, alleging the 10-year statute of limitations for renewal of the original judgment was tolled during the period respondent was under the jurisdiction of the bankruptcy court. (*Barnett, supra,* 170 Cal.App.3d at p. 1083.)

Respondent demurred on the ground the complaint failed to state facts sufficient to constitute a cause of action because the 10-year statute of limitations had run, *and respondent was not a judgment debtor in the underlying action.* The court found the statute was not tolled and sustained the demurrer. (*Barnett, supra,* 170 Cal.App.3d at pp. 1083–1084.)

The Court of Appeal affirmed the judgment, finding the periods within which appellants could have renewed or enforced the judgment were not tolled. (*Barnett, supra,* 170 Cal.App.3d at p. 1093.) The court noted the automatic stay provisions apply to proceedings against the debtor, the debtor's property, and the property of the estate. In that case the original judgment, which appellants were trying to renew, was against the corporation, and not against respondent. "The corporation was not the bankruptcy debtor. The fact that respondent is a shareholder in the corporation and underwent bankruptcy proceedings had no effect on property held by the corporation." (*Id.* at p. 1089, fn. omitted.)

Moreover, the *Barnett* court noted the property that appellants claimed was subject to the automatic stay was not the debtor's property nor property of the debtor's estate. "Appellants should have attempted to enforce the judgment against Southwestern within the 10-year period and, if time became a factor, they should have brought an action to renew the judgment. These actions would not have been barred by respondent's bankruptcy proceedings because Southwestern was not the entity in bankruptcy." (*Barnett, supra,* 170 Cal.App.3d at p. 1090.)

The issue in *Barnett,* then, was whether the majority shareholders' action against the *corporation* was tolled during the period of the *minority shareholder's* bankruptcy proceeding. Obviously, because the corporation was not

in bankruptcy, appellants' action was not barred, and *Barnett* is not authority for the proposition that a bankruptcy proceeding does not stay the commencement of a new action on a judgment.

Here, respondent relies on the following language in *Barnett:* "An action to renew the judgment, under section 337.5, would not have been barred by any provision of 11 United States Code section 362(a), nor would it have been barred even if appellants could not have executed on the corporation's property at that time. 'Whether or not one is entitled to enforce an existing judgment does not affect his right to maintain an action brought to obtain a new judgment.' (*164 East 72nd Street Corp. v. Ismay* (1944) 65 Cal.App.2d 574, 576 [151 P.2d 29].)" (*Barnett, supra,* 170 Cal.App.3d at p. 1091.)

We note first that these statements are dicta; they are not necessary to the decision and as such are not binding precedent. (*Western Landscape Construction. v. Bank of America* (1997) 58 Cal.App.4th 57, 61 [67 Cal.Rptr.2d 868].) Next, *Barnett's* reliance on *164 East 72nd Street Corp. v. Ismay* was misplaced. That case was an appeal from a judgment in favor of the defendant after a demurrer was sustained without leave to amend. The action in that case was brought to establish a judgment duly entered in London, England in 1935. On appeal appellant argued an English "Emergency Powers Act" prohibited it from enforcing the judgment. The court's statement that "[w]hether or not one is entitled to enforce an existing judgment does not affect his right to maintain an action brought to obtain a new judgment" has nothing to do with bankruptcy proceedings and is irrelevant to the issue before us. (*164 East 72nd Street Corp. v. Ismay, supra,* 65 Cal.App.2d at p. 576.) Accordingly, *Barnett* is simply not pertinent to this case.

■ We are persuaded that the import of section 362(a) is "that all legal actions being taken or to be taken against the debtor are halted. No new lawsuits can be commenced and ongoing proceedings are halted. The section is inclusive. Every proceeding of a judicial or quasi-judicial nature is affected." (*In re Joe DeLisi Fruit Co.* (Bankr. Minn. 1981) 11 B.R. 694, 696.)

■ Because the commencement of appellants' new action on the judgment was stayed during the pendency of the automatic stay, the California statute of limitations was tolled during this period and appellants' complaint is not time barred.

*Ministerial Acts*

Respondent next argues the filing of a new action on a judgment is not stayed under section 362(a) because it is a "purely ministerial act." Respondent contends the underlying judgment is presumed valid and cannot be

collaterally attacked unless void on its face. Thus "a judge has no discretion or judgment whether or not to enter a judgment on the existing judgment." Ergo, a judgment under Code of Civil Procedure section 683.050 involves no discretion or judgment. We reject respondent's argument.

"A ministerial act is one that is essentially clerical in nature. *See Black's Law Dictionary* 996 (6th ed. 1990). Thus, when an official's duty is delineated by, say, a law or a judicial decree with such crystalline clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial." (*Soares v. Brockton Credit Union* (1st Cir. 1997) 107 F.3d 969, 974.)

■ The commencement of a new action on a judgment provides for the same legal maneuvering by the litigants as does any other action. As appellants point out, a defendant may choose to move to quash service, to demur, move to strike, and more. Any and all of these responses by a defendant call upon a court's exercise of discretion in fashioning a ruling or remedy. The exact posture of this case, a dismissal after the sustaining of a demurrer arising out of a new action on a judgment, belie respondent's assertion.

*Title 11 United States Code Section 108(c)*

Title 11 United States Code section 108(c) (hereafter section 108(c)) provides in pertinent part: "[I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of [¶] (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or [¶] (2) 30 days after notice of the termination or expiration of the stay under section 362 [automatic stay] . . . ."

■ Appellants contend that section 108(c) extended the time for their complaint to be filed. We agree. The California statute of limitation in this litigation is a nonbankruptcy law that applies to a claim against a debtor. Under section 108(c) the period for commencing a civil action against the debtor expires at the latter of (1) the end of the limitations period including any suspension (10 years from January 8, 1991, plus 180 days until the judgment was final), or (2) 30 days after the termination of the automatic stay. The parties fail to inform us of the date the automatic stay terminated. However, the federal statute makes clear any state period of limitation is tolled during the pendency of the automatic stay provisions.

" ' "The suspension of a statute of limitations for a certain period is, in effect 'time taken out,' for that period and adds the same period of time to the

limitation time provided in the statute." [Citation.]' " (*Schumacher v. Worcester* (1997) 55 Cal.App.4th 376, 380 [64 Cal.Rptr.2d 1] (*Schumacher*).) Respondent's brief is silent on section 108(c).

According to the record, the petition for bankruptcy was filed on April 12, 1991. On August 13, 1991, appellants filed a complaint in the bankruptcy court alleging the judgment was nondischargeable on the grounds of fraud. On August 10, 1992, the bankruptcy court ruled the judgment was nondischargeable on the ground of fraud and entered judgment accordingly on August 14th. Thus, the 16-month-plus period between April 12, 1991, and August 14, 1992, plus an additional 30 days under section 108(c) was tolled by the pendency of the bankruptcy. Therefore appellants' complaint, filed 23 days after the California 10-year statute of limitations, was timely.

Moreover, Code of Civil Procedure section 356 provides: "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."

"A bankruptcy stay has been held to be a 'statutory prohibition' within the meaning of Code of Civil Procedure section 356. [Citation.] [¶] . . . Under Code of Civil Procedure section 356, i.e., the period of time of the automatic stay should not be counted as part of limitation time." (*Schumacher, supra,* 55 Cal.App.4th at p. 380.) Respondent's brief is silent on this issue as well.

The provisions of sections 362(a), 108(c), and Code of Civil Procedure section 356, as well as the relevant case law set forth above, enforce our conclusion that the automatic stay provisions applied here to toll the limitations periods.

## DISPOSITION

The judgment of the trial court dismissing the action is reversed. Appellants shall recover their costs on appeal. (Cal. Rules of Court, rule 27.)

Rylaarsdam, J., and Ikola, J., concurred.