Filed 8/15/16  Kesherim v. Mozaffarian CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DAVID KESHERIM,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>KIM MOZAFFARIAN et al.,<br><br>    Defendants and Respondents. | B266905<br>(Los Angeles County<br>Super. Ct. No. BC571386) |

APPEAL from an order of the Superior Court of Los Angeles County, Susan Bryant-Deason, Judge.  Reversed and remanded with directions.

Law Offices of Nico N. Tabibi and Nico N. Tabibi for Plaintiff and Appellant.

No appearance by Defendants and Respondents.

In the underlying action, appellant David Kesherim, doing business as Kesherim and Ben David (Kesherim), filed a complaint to enforce a judgment entered in 2005, which reflected a stipulated judgment against Fariborz Mozaffarian and a default judgment against Kim Mozaffarian. After the Mozaffarians failed to answer the complaint, the trial court denied Kesherim's request for a default judgment against them on the ground that the action was time-barred. We conclude that the trial court erred in doing so, as the right to assert the statute of limitations as an affirmative defense belonged solely to the Mozaffarians. We reverse the order of dismissal and remand the matter for further proceedings.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On January 12, 2005, an amended judgment was entered in favor of Kesherim against the Mozaffarians, doing business as Mozaffarian Jewelry. The judgment stated on its face that it was against Fariborz by stipulation, and against Kim by default. The judgment awarded Kesherim $70,704 in damages against Fariborz. The judgment also awarded him the additional sum of $27,674.46 against Kim.[1]

On February 4, 2015, Kesherim filed a complaint to enforce the 2005 judgment, alleging that despite his demand, the Mozaffarians had paid no portion of the awards against them. The complaint further alleged that the judgment had become final, as "it ha[d] not been vacated, modified, stayed, or set aside, and the time for appeal has expired." The complaint sought recovery of the outstanding

---

[1]     That sum encompassed $17,583 in damages, $7,206.72 in prejudgment interest, $2,655.74 in attorney fees, and $229 in costs.

awards, together with costs and accrued interest. In June 2015, the clerk entered the Mozaffarians' default.

On July 2, 2015, Kesherim requested that a default judgment be entered against the Mozaffarians. Kesherim sought an award totaling $147,222.27 against Fariborz and an additional award totaling $46,563.68 against Kim. In support of the request, Kesherim asked the trial court to take judicial notice of the 2005 judgment.

The trial court denied the request and ordered the action dismissed, concluding that the action was untimely under Code of Civil Procedure section 337.5, which establishes a 10-year limitations period for actions on a judgment.[2] By ex parte application, Kesherim sought reconsideration or other relief from the ruling, contending that the court was not authorized to assess whether the action was untimely, and alternatively, that the action had been filed within the limitations period. After the court denied the ex parte application, this appeal followed.[3]

## DISCUSSION

Kesherim contends the trial court erred in denying a default judgment in his favor against the Mozaffarians on the basis of the applicable statute of limitations. He contends (1) that the court lacked the authority to deny his request on the basis of the statute of limitations, and (2) that his action was timely, at least with respect

---

[2]    All further statutory citations are to the Code of Civil Procedure.

[3]    The written order of dismissal is an appealable judgment, as it was executed by the trial court and filed in the action. (*Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559, 565, fn. 4.)

3

to Kim.  As explained below, because we agree with his first challenge to the ruling, the order of dismissal must be reversed.**4**

A.  *Governing Principles*

We begin by discussing the principles applicable to a request for a default judgment in an independent action on a pre-existing judgment.

1.  *Requests for Default Judgments*

Upon the plaintiff's application, the trial court is authorized to enter a judgment in an action when the defendant has failed to answer the complaint and the clerk has entered the defendant's default.  (§ 585, subd. (b).)  "Generally, a defendant in default 'confesses the material allegations of the complaint.' [Citation.]" (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 392, quoting *Taliaferro v. Davis* (1963) 216 Cal.App.2d 398, 408.)  Thus, ""the defendant's failure to answer has the same effect as an express admission of the matters well pleaded in the complaint."' [Citation.]" (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 281 (*Kim*), quoting *Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823.)  For that reason, those allegations "are treated as true for purposes of obtaining a default judgment." (*Kim, supra,* 281 Cal.App.4th at p. 281.)

---

**4**     No respondent's brief was filed.  The rule we follow in such circumstances "is to examine the record on the basis of appellant's brief and to reverse only if prejudicial error is found.  [Citations.]" (*Votaw Precision Tool Co. v. Air Canada* (1976) 60 Cal.App.3d 52, 55; accord, *Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1192, fn. 7; *Carboni v. Arrospide* (1991) 2 Cal.App.4th 76, 80, fn. 2; see Cal. Rules of Court, rule 8.220(a)(2); *In re Bryce C.* (1995) 12 Cal.4th 226, 232-233.)

4

The trial court also may enter a judgment in the defaulting defendant's favor when the complaint does not state a cause of action. (*Taliaferro v. Davis*, *supra*, 216 Cal.App.2d at pp. 408-414; *Taliaferro v. Taliaferro* (1959) 171 Cal.App.2d 1, 3-9.) No judgment against the defendant can rest on such a complaint, as "'[a] defendant who fails to answer admits only facts that are well pleaded.'" (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 829, quoting 6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 160, p. 574; *Buck v. Morrossis* (1952) 114 Cal.App.2d 461, 466.)

In determining whether the complaint states a cause of action, the trial court may, in suitable circumstances, consider matters not alleged in the complaint. The court may disregard allegations in the complaint contradicted by the plaintiff's admissions in seeking a default judgment. (*Taliaferro v. Taliaferro*, *supra*, 171 Cal.App.2d at pp. 3-6; see *Scafidi v. Western Loan & Bldg. Co.* (1946) 72 Cal.App.2d 550, 560-561.) Furthermore, when the plaintiff's request for a default judgment invokes facts properly subject to judicial notice, the court assesses the complaint's sufficiency in light of those facts. (*Taliaferro v. Davis*, *supra*, 216 Cal.App.2d at pp. 408-414.)

## 2. *Actions on a Judgment*

Under the Enforcement of Judgments Law (§ 680.010 et seq.), a money judgment is enforceable for a 10-year period following the date of its entry (§ 683.020).[5] That statutory scheme provides two methods for preserving a judgment's enforceability. "One way to preserve such a judgment is to file an

---

[5] A money judgment is "that part of a judgment that requires the payment of money." (§ 680.270.)

application for renewal under the terms of . . . sections 683.120 and 683.130 before the expiration of the 10-year enforceability period.  Such application automatically renews the judgment for a period of 10 years.  (Code Civ. Proc., § 683.120, subd. (b).) . . . [¶]  Alternatively, . . . section 683.050 provides: 'Nothing in this chapter limits any right the judgment creditor may have to bring an action on a judgment, but any such action shall be commenced within the period described by . . . Section 337.5.'  Section 337.5, subdivision [b], prescribes a 10-year limitation for an 'action upon a judgment or decree of any court of the United States or of any state within the United States.'"  (*Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 372-373 (*Kertesz*), italics omitted.)

As Kesherim initiated an action on the judgment in lieu of renewing it, his claim is subject to the 10-year limitations period set forth in section 337.5, subdivision (b).  (*Kertesz, supra,* 115 Cal.App.4th at p. 373.)  That period is not coterminous with the 10-year period for renewing the judgment, which commences when the judgment is entered and is not tolled for any reason. (*Pratali v. Gates* (1992) 4 Cal.App.4th 632, 638.)  Under subdivision (b) of section 337.5, a cause of action on a judgment accrues when "the judgment has become final either upon expiration of the period within which an appeal may be taken, or, if an appeal is taken, upon the issuance of the remittitur when the judgment has been affirmed" (*Hoover v. Galbraith* (1972) 7 Cal.3d 519, 525-526), absent any applicable tolling (*Kertesz, supra*, at pp. 373-374).  Ordinarily, when a judgment is appealable, the time for an appeal expires no later than 60 days after notice of entry of the judgment if such notice is served, and in any event, no later than 180 days after entry of the judgment.  (Cal. Rules of Court, rule 8.104(a).)

Here, the 2005 judgments against the Mozaffarians were subject to different rules regarding appealability.  A judgment by default, such as that taken against

6

Kim, is appealable by the defaulting party, albeit on narrow grounds: review is limited to jurisdictional issues and the sufficiency of the pleadings. (*Corona v. Lundigan* (1984) 158 Cal.App.3d 764, 766-767.) In contrast, a judgment by stipulation, such as that taken by Fariborz, is ordinarily not appealable, and thus is final upon entry. (*Cadle Co. II, Inc. v. Sundance Financial, Inc.* (2007) 154 Cal.App.4th 622, 624.) "An exception to [that] rule exists when both parties enter into the stipulated judgment in order to facilitate an appeal." (*Ibid.*)

    B.  *Analysis*

The key issue presented is whether the trial court was authorized to deny Kesherim's request for a default judgment on the basis of the statute of limitations. Kesherim's complaint was filed on February 4, 2015, 10 years and 22 days after entry of the 2005 judgment. Although the complaint does not state that the 2005 judgment against Kim was by default and that the 2005 judgment against Fariborz was by stipulation, those facts were disclosed in the 2005 judgment itself, regarding which Kesherim sought judicial notice. In denying Kesherim's request for a default judgment under the 10-year statutory period set forth in subdivision (b) of section 337.5, the court stated that the 2005 judgment comprised "a default judgment and a stipulated judgment from which there is no applicable appellate period which would apply in this case."[6] For the reasons explained below, the

---

[6]     In determining when the judgments became final for purposes of an appeal, the trial court was mistaken, at least with respect to the judgment against Kim. Because that judgment was appealable, it became final no earlier than 60 days after its entry on January 12, 2005. Thus, the February 4, 2015 filing was within the 10-year limitations period.

court erred in so ruling, as the statute of limitations constitutes an affirmative defense that only the Mozaffarians were entitled to assert.

In the context of a default proceeding, the trial court's inquiry into the complaint's sufficiency is necessarily confined by the defaulting party's failure to appear. The defendant, by defaulting, "confesses" the properly pleaded facts. (*Kim*, *supra*, 201 Cal.App.4th at p. 281.) "But that is all the default does. . . . 'A defendant has the right to elect not to answer the complaint. [Citation.] Although this may have been a tactical move by defendant, it is a permissible tactic." (*Id*. at pp. 281-282, quoting *Stein v. York* (2010) 181 Cal.App.4th 320, 325.)

Although the defendant's default admits the facts alleged in the complaint, the default cannot trigger a defense based on the statute of limitations, which must be affirmatively and personally asserted by the defendant. Generally, "[l]imitations periods represent a public policy about the privilege to litigate; they relate to matters of procedure, not to substantial rights." (*Talei v. Pan American World Airways* (1982) 132 Cal.App.3d 904, 909.) The defense of the statute of limitations is "a personal privilege which must be affirmatively invoked in the lower court by appropriate pleading (if the defense appears on the face of the complaint, it must be raised by demurrer; otherwise it must be specially pleaded in the answer) . . . ." (*O'Neil v. Spillane* (1975) 45 Cal.App.3d 147, 156.) Failure to assert the defense in an appropriate pleading works a forfeiture, "even when . . . the defense appears on the face of the complaint . . . ." (*Petersen v. W.T. Grant Co.* (1974) 41 Cal.App.3d 217, 220.)

The statute of limitations thus bars an action only when the statute is affirmatively asserted by the defendant in the trial court. As our Supreme Court has explained, because the "essence" of the forfeiture rule is "to apprise [the] plaintiff that [the] defendant intends to rely upon that defense," the defense is not

8

cognizable absent appropriate action by the defendant. (*Hall v. Chamberlain* (1948) 31 Cal.2d 673, 675, 680 (*Hall*).) In *Hall*, the defendants first offered a statute of limitations defense in the proceedings before our Supreme Court. (*Id*. at pp. 679-680.) The court concluded that their contention had been forfeited for want of a pleading clearly asserting the defense in the trial court, stating that "[t]here must be *some expression* that lateness of the commencement of the action is a ground of defense." (*Id*. at p. 680, italics added.) Similarly, other courts have held that the defense may not be raised for the first time on appeal to show that the complaint states no claim, even though the defense is established on the face of the complaint. (*County of Los Angeles v. Commission on State Mandates* (2007) 150 Cal.App.4th 898, 912; *Miller v. Parker* (1933) 128 Cal.App. 775, 776-777.)

Furthermore, only the defendant may assert the defense. In *Travelers Indemnity Co. v. Bell* (1963) 213 Cal.App.2d 541, 543-544, the plaintiff suffered injuries in a car accident involving an uninsured driver. She obtained a default judgment against the uninsured driver, pursued a claim under the "uninsured [driver]" provision of her insurance policy for the sum awarded in the judgment, and secured a policy-based arbitration award in her favor. (*Ibid*.) The insurer filed a petition to vacate the award, contending the default judgment was invalid due to the applicable statute of limitations. (*Ibid*.) The trial court granted the petition, concluding that the "[a]ction [w]as [b]arred." (*Id*. at p. 544.) Reversing, the appellate court stated: " [S]ince the statute is a 'personal privilege' to be asserted or waived at the option of the one entitled to assert it[,] the statute must be affirmatively invoked *by him . . . .*" (*Id*. at p. 547, italics added; see *Brownrigg v. deFrees* (1925) 196 Cal. 534, 541 ["[T]he privilege of the statute [of limitations], being a personal privilege, is deemed to be waived, unless the debtor asserts his

right under it by demurrer or plea. [Citation.] The law will not plead the statute for him"].)

Under these principles, the trial court erred in denying Kesherim's request for a default judgment on the basis of the statute of limitations. The complaint alleges facts sufficient to state a claim on the 2005 judgment against the Mozaffarians, as it alleges the principal terms of the judgment, and the sums owing under it. (See *Kertesz*, *supra*, 115 Cal.App.4th at pp. 371-372, 378.) The Mozaffarians failed to appear in the action, filed no demurrer or answer, and thus forfeited their privilege to rely on the statute of limitations. The court could not properly exercise that privilege sua sponte, as it was personal to the Mozaffarians. The court thus improperly denied Kesherim's request for a default judgment.[7]

The remaining question concerns the appropriate remedy. Kesherim requested a default judgment awarding costs and postjudgment interest pursuant to subdivisions (b) and (c) of section 585. Under those provisions, the trial court may, in its discretion, require the presentation of additional evidence to resolve the

---

**7** We observe that the two exceptions to the rule requiring the defendant's invocation of the limitations period are inapplicable here. First, a statute of limitations defense belonging to an estate cannot be forfeited by personal representatives of the estate named as defendants. (5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 1118, p. 544.) Second, the statute of limitations defense is not subject to forfeiture when the applicable limitations period constitutes an aspect of the substantive right underlying a claim. (*Ibid*.)

Here, nothing suggests that the Mozaffarians were personal representatives of any estate. Furthermore, the 10-year limitations period set forth in section 337.5, subdivision (b), is not a substantive aspect of an action on a judgment. As Witkin explains, when a statute "creates a right or liability unknown at common law" and also states a limitations period, that period is ordinarily substantive. (3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 443, p. 563.) However, actions on a judgment were recognized in the common law long before the enactment of section 377.5. (See *Ames v. Hoy* (1859) 12 Cal. 11, 19.)

10

request.  (See § 585, subd. (d); Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2016) ¶[¶] 5:210-5:212.)  As the court did not exercise that discretion, it is appropriate to remand the matter for further proceedings on Kesherim's request for a default judgment.

## DISPOSITION

The order of dismissal is reversed, and the matter is remanded for further proceedings in accordance with this opinion. Appellant is to bear his own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

EPSTEIN, P. J.

COLLINS, J.

12