Filed 10/19/22  Mt. Diablo Investment Group v. South Bay Real Estate Commerce Group CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MT. DIABLO INVESTMENT GROUP, LLC,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>SOUTH BAY REAL ESTATE COMMERCE GROUP, LLP, et al.,<br><br>     Defendants and Appellants. | A162380<br><br>(San Mateo County Super. Ct. No. CIV536047) |

Defendants South Bay Real Estate Commerce Group, LLP (South Bay) and George Cresson (collectively, the South Bay defendants) appeal from the trial court's denial of their September 2020 motion under Code of Civil Procedure[1] section 664.6.  Upon an allegation that plaintiff Mt. Diablo Investment Group, LLC (MDIG) breached a settlement agreement calling for the South Bay defendants to make a series of installment payments to MDIG, the South Bay defendants moved to enforce the settlement agreement by awarding Cresson damages and relieving them of any obligation to make further settlement payments.  They argue the trial court wrongly denied

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

1

their motion on the ground that it was procedurally improper. We disagree. As the trial court indicated, their September 2020 motion was an improper end-run around the expiration of their time to appeal the trial court's February 19, 2020 third amended judgment, which had become final when they did not appeal from it. We affirm.

## I. BACKGROUND

This case has a tangled procedural history spanning many years. We begin with an explanation of that history as relevant to this appeal.

In a second amended complaint filed in 2016 in San Mateo County Superior Court, MDIG brought direct claims for breach of contract and accounting, as well as shareholder derivative claims on behalf of nominal defendants Loanvest IX, L.P. and Loanvest XII, L.P. (collectively, Loanvest entities) for negligence, breach of fiduciary duty, breach of contract and accounting, all brought against the South Bay defendants regarding their management of the Loanvest entities.

### A. *The Settlement Agreement and Addendum*

In November 2016, MDIG and the South Bay defendants entered into a written settlement agreement, mutual dismissal and mutual release resolving their dispute (settlement agreement), and 10 days later, they entered into an addendum.

Among other things, the settlement agreement and addendum require the South Bay defendants to make installment payments over 24 months to MDIG totaling $450,000. The settlement agreement states, "Within 5 business days of the first installment payment . . . , MDIG will prepare and provide, via email to counsel for [the] South Bay [defendants], a Request for Dismissal, which [the] South Bay [defendants] will execute and return within 2 business days. Thereafter, MDIG will file the Request for Dismissal within two business days of execution by [the] South Bay [defendants]." The

2

addendum further states, "The action and cross-actions that are [the] subject of the Settlement Agreement shall be dismissed with prejudice." Also, according to the settlement agreement, "All terms . . . shall be enforceable by the San Mateo [County] Superior Court, pursuant to Code of Civil Procedure [section] 664.6 and/or by an arbitrator."

## B. *The Parties' Initial Efforts To Dismiss the Action*

In December 2016, attorneys for MDIG and the South Bay defendants executed a Judicial Council form request for dismissal with prejudice of MDIG's "[e]ntire action of all parties and all causes of action," although the form states it is not to be used for the dismissal of any derivative action. MDIG promptly filed the executed form request for dismissal with the trial court and a court clerk entered the dismissal upon that request.

In March 2017, MDIG moved for the entry of an amended dismissal that would have dismissed its derivative claims for negligence, breach of fiduciary duty and breach of contract with prejudice as to MDIG only. On June 1, 2017, however, after conducting a conference with the parties, the trial court (Judge Marie Weiner) filed an order striking the dismissal of the lawsuit. Because of MDIG's filing of derivative claims in its second amended complaint, the court found, the case was provisionally complex under California Rules of Court, rule 3.400(c)(3) but the parties did not adequately identify it as such in their court filings. Judge Weiner determined it was necessary to strike the dismissal because the dismissal of derivative actions requires judicial approval. She directed MDIG to submit to the appropriate court department a procedurally proper dismissal with a supporting declaration by its counsel. Several days later, MDIG's counsel filed a declaration and a proposed amended dismissal of all of the direct and derivative claims with prejudice, with Judge Weiner retaining jurisdiction under section 664.6 to enforce the terms of the settlement.

3

On June 26, 2017, Judge Weiner filed a "judgment of dismissal pursuant to settlement" (June 26, 2017 judgment). She ordered "[t]hat this Entire Action is DISMISSED, including all claims, all causes of action, and all parties. The Court will retain jurisdiction pursuant to Code of Civil Procedure section 664.6 to enforce the Settlement Agreement." She did not indicate if the dismissal was with or without prejudice.

In October 2017, MDIG filed a motion under section 664.6 for entry of an amended judgment that set forth background facts concerning the state of the parties' implementation of the settlement terms, including the South Bay defendants' installment payment obligations under the settlement agreement and addendum. In its written opposition to the motion, South Bay contended, among other things, that "[t]he parties are mired in the instant dispute for one and only reason: MDIG willfully refused to honor its contractual obligation to timely dismiss the Mixed Action with prejudice pursuant to the express terms of the Settlement Agreement." It contended that MDIG's "material breach excuses Defendants from making the monthly payments that are the subject of the Enforcement Motion." The record indicates that Cresson, representing himself, also appeared at the hearing on the motion.

On November 22, 2017, Judge Weiner filed an order granting MDIG's motion and an amended judgment of dismissal pursuant to the settlement (November 22, 2017 amended judgment). Judge Weiner ruled, "Defendants' monthly payments under paragraph 1(b) of the Settlement Agreement are not excused. MDIG attempted to comply with the dismissal obligation by preparing and transmitting a Judicial Council Form Request for Dismissal to Defendants. Defendants signed and returned the form. Both parties were unaware or disregarded the provision warning against use of the form for derivative claims until a month after it was entered. . . . The dismissal

4

entered by [Judge Weiner] on June 26, 2017 dismisses 'all claims, all causes of action, and all parties.' The Court's dismissal either constitutes performance or excuses [MDIG]'s obligation to file a Dismissal. Defendant's failure to make monthly payments is not excused." Judge Weiner's order states in another section, "The June 26, 2017 Dismissal fulfilled the purpose of MDIG's obligation . . . ." It also incorporates into the judgment certain paragraphs of the settlement agreement and states that the addendum "shall be part of the judgment."

Judge Weiner incorporated the June 26, 2017 judgment into the court's November 22, 2017 amended judgment. As in the June 26, 2017 judgment, Judge Weiner ordered that the entire action was dismissed, "including all claims, all causes of action and all parties," and that the court would retain jurisdiction under section 664.6 to enforce the settlement. She further ordered that the South Bay defendants "shall" pay the installment payments to MDIG called for under the settlement agreement. Her dismissal order also incorporated numerous paragraphs of the agreement, which was attached as an exhibit, including the paragraph obligating MDIG to promptly file a request for dismissal executed by the South Bay defendants, "as though each of those paragraphs were fully set forth in the body of this Amended Judgment." Judge Weiner made no mention of the addendum.

## C. *The Previous Appeal and Cross-appeals*

An appeal and cross-appeals to this court followed. In June 2019, we issued a memorandum opinion resolving these appellate proceedings . In relevant part, we affirmed the November 22, 2017 amended judgment, except that we ordered the trial court to attach to it the addendum and strike from it a particular settlement agreement provision not relevant here, changes to which the parties were agreeable. Accordingly, we conditionally vacated the November 22, 2017 amended judgment and remanded the matter to the trial

5

court so that it could issue a further amended judgment with these two changes only.

**D.** *Further Judgments Issued by the Trial Court*

In August 2019, before we issued the remittitur, the parties submitted to the trial court (Judge Jonathan Karesh), and on August 27, 2019, the trial court entered, a second amended judgment of dismissal that was consistent with our ruling. Because Judge Karesh issued this second amended judgment before our issuance of the remittitur, the parties stipulated and agreed, and he ordered, that it should be vacated and re-entered as a third amended judgment of dismissal pursuant to the settlement, effective after the issuance of the remittitur.

Accordingly, on February 19, 2020, Judge Karesh filed a third amended judgment of dismissal pursuant to settlement (February 19, 2020 third amended judgment). In this third amended judgment, the court again incorporated the June 26, 2017 judgment; adjudged, ordered and decreed the dismissal of the entire action, "including all claims, all causes of action and all parties"; and retained jurisdiction under section 664.6 to enforce the settlement agreement and addendum. The February 19, 2020 third amended judgment did not refer to the settlement agreement provision, consistent with our ruling that it be stricken and incorporated paragraphs 1 to 5 of the addendum, which was attached as an exhibit.

**E.** *The South Bay Defendants' Motion To Enforce the Settlement Agreement*

In September 2020, the South Bay defendants filed a motion to enforce the settlement agreement (September 2020 motion). They argued that MDIG breached the settlement agreement and addendum by not obtaining a dismissal with prejudice of its derivative claims. They contended that this breach caused Cresson to pay $201,000 to an investor in one of the Loanvest

6

entities in order to avoid litigation of these same derivative claims, when the claims should have been dismissed with prejudice under the settlement agreement and addendum. They moved for the court to order them discharged from further liability under the settlement agreement and addendum and MDIG liable for $201,000 plus interest in damages to Cresson.

MDIG opposed the South Bay defendants' September 2020 motion on the ground that the motion was only intended to delay and harass MDIG in its effort to collect the amounts the South Bay defendants owed under the settlement agreement and addendum, as incorporated into the February 19, 2020 third amended judgment. MDIG noted that the trial court, in its November 22, 2017 order granting MDIG's motion for an amended judgment, rejected the same argument from the South Bay defendants that MDIG had breached the settlement agreement by failing to seek a dismissal with prejudice from the trial court. It argued that the South Bay defendants were barred by the doctrine of collateral estoppel from relitigating this issue. MDIG also noted that trial court's November 22, 2017 rulings were not disturbed on appeal.

The trial court (Judge Nancy Fineman) denied the South Bay defendants' September 2020 motion as "procedurally improper because the [February 19, 2020] Third Amended Judgment of Dismissal has already been entered, and the time to appeal has expired." At the hearing on the motion, the court explained that it was ruling on procedural grounds because "the third amended judgment of dismissal has already been filed, so there's nothing for me to do. The collateral estoppel effect of it, I didn't look at and I don't know." Judge Fineman added, "What I did on this to be quite honest was I got a research memo. I saw that Judge Weiner had something to do with this, and I know she's complex, so I tried to figure out whether she was

7

involved.  I communicated with her, got some information with her and . . . realized that this third amended judgment was in here that I could decide, my first question was whether I could even decide this motion or it had to go to another judge.  And then once I saw the third amended judgment of dismissal, to me that was, the rest of it was moot, so I went no further than that.  And I wouldn't make any finding about collateral estoppel one way or the other.  It is what it is, I guess."

The South Bay defendants filed a timely notice of appeal from Judge Fineman's order denying their September 2020 motion.

## II. DISCUSSION

### A. *Legal Standards*

Section 664.6 provides a summary procedure "for entry of judgment enforcing a settlement agreement."  (*In re Marriage of Assemi* (1994) 7 Cal.4th 896, 911.)  It provides:  "If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement.  If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."  (§ 664.6.)

" 'A judgment is the *final* determination of the rights of the parties in an action or proceeding.'  (Code Civ. Proc., § 577, italics added [by *Sullivan*].) . . . 'A judgment is final "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." ' "  (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304.)  A judgment entered in accordance with a settlement agreement is as final as a judgment rendered after trial.  (*Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn.* (1998) 60 Cal.App.4th 1053,

8

1065–1067.)  A judgment issued upon the granting of a motion brought under section 664.6 to enforce a settlement agreement is considered a final judgment.  (*Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 205–206.)

"Factual determinations made by a trial court on a section 664.6 motion to enforce a settlement must be affirmed if the trial court's factual findings are supported by substantial evidence.  [Citations.]  Other rulings are reviewed de novo for errors of law.  [Citation.]"  (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 815.)

The parties do not dispute the procedural facts upon which the trial court denied the South Bay defendants' September 2020 motion to enforce the settlement agreement.  We review this ruling de novo for errors of law.

## B. *Analysis*

We agree with the trial court's ground for denying the South Bay defendants' September 2020 motion.  However the South Bay defendants styled it, the motion in effect was a procedurally improper challenge to the court's February 19, 2020 third amended judgment, which had become final when they did not timely appeal from it.

The South Bay defendants argued in their September 2020 motion that MDIG breached the settlement agreement by not obtaining a dismissal with prejudice of its derivative claims and, therefore, that they were excused from further performing under the settlement agreement and Cresson was entitled to damages.  But the trial court had issued judgments repeatedly—specifically, the November 22, 2017 amended judgment, the August 27, 2019 second amended judgment and the February 19, 2020 third amended judgment—that were based on its November 22, 2017 order granting MDIG's motion for an amended judgment.  In that order, the trial court expressly ruled that the South Bay defendants were not excused from making their installment payments to MDIG under the settlement agreement because

9

MDIG had attempted to comply with its dismissal obligation. The court concluded that MDIG had done so by filing a form dismissal of all claims that both parties did not understand was procedurally improper, and that the court's June 26, 2017 judgment constituted either performance by MDIG or excused further performance. Based on this ruling, the trial court, in its November 22, 2017 amended judgment, adjudged, ordered and decreed that the South Bay defendants "shall" make their installment payments as required under the settlement agreement. It also expressly incorporated the June 26, 2017 judgment into the November 22, 2017 amended judgment.

These aspects of the November 22, 2017 amended judgment and the basis for them were incorporated into the February 19, 2020 third amended judgment. That is, in our resolution of the appeal and cross-appeals that followed the November 22, 2017 amended judgment, this court affirmed that amended judgment, except that we ordered the trial court to make two changes that are not relevant here. In other words, we affirmed a judgment that was based on the trial court's rulings that MDIG had *not* failed to perform its dismissal obligation and, therefore, the South Bay defendants, as part of the judgment, were adjudged, ordered and decreed to perform their installment payment obligations. By our affirmance, this aspect of the November 22, 2017 amended judgment became final. (See, e.g., *Gonzales v. R. J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 804–805 [parts of a judgment not appealed from are deemed final, " 'being a final judgment of the facts and rights which they determine' "].) Our resolution required the trial court to issue an amended judgment that, as did the November 22, 2017 amended judgment, adjudged, ordered and decreed that the South Bay defendants make the installment payments because MDIG had not breached the agreement.

10

Accordingly, the trial court issued the February 19, 2020 third amended judgment (after vacating a second amended judgment improperly filed before we had issued a remittitur from the appeal and cross-appeals) that was the same in substance to the November 22, 2017 amended judgment, except for the two changes we ordered that are not relevant here. In other words, the February 19, 2020 third amended judgment also was based on the trial court's November 22, 2017 rulings that MDIG had not breached the settlement agreement and, therefore, the South Bay defendants were adjudged, ordered and decreed to perform their installment payment obligations. All that remained was for the court to enforce the settlement agreement as necessary under section 664.6, making its February 19, 2020 third amended judgment a final judgment. (*Sullivan v. Delta Air Lines, Inc.*, *supra*, 15 Cal.4th at p. 304; *Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn.*, *supra*, 60 Cal.App.4th at pp. 1065–1067; *Viejo Bancorp, Inc. v. Wood*, *supra*, 217 Cal.App.3d at pp. 205–206.) Indeed, the South Bay defendants acknowledge this finality in their statement of appealability, in which they cite the right to appeal from an order made after the issuance of a final judgment under section 904.1, subdivision (a)(2).[2]

As a result of these procedural events, the South Bay defendants' only conceivable opportunity to argue that, as a result of MDIG's supposed breach, they were excused from further performance and Cresson was entitled to damages was an appeal from the trial court's February 19, 2020 third amended judgment.[3] The deadline for an appeal from the February 19, 2020

---

[2] South Bay actually cites to "Code of Civil Procedure section 904(a)(2)," an obvious typographical error because no such statutory provision exists.

[3] Such an appeal would have been of very questionable merit in light of our affirmance of the relevant aspects of the November 22, 2017 amended

third amended judgment was at most 180 days after the trial court's entry of it. (Cal. Rules of Court, rule 8.104(a)(1).) This deadline passed without the South Bay defendants filing a notice of appeal. As a result, the February 19, 2020 third amended judgment became final. (*Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 373 [judgment becomes final when the time to appeal from it has expired].) At that point, the South Bay defendants lost any right to challenge the trial court's judgment that they were to perform their payment obligations under the settlement agreement because MDIG did not breach the agreement. (*People v. DeLouize* (2004) 32 Cal.4th 1223, 1232 ["Orders and judgments are deemed final in the superior court, and not subject to reconsideration by that court, to preserve confidence in the integrity of judicial procedures and to avoid the delays and inefficiencies associated with repeated examination and relitigation of the same facts and issues"]; *Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, 1508 [failure to pursue appeal from trial court ruling excluding an approach to damages waived the issue, thereby precluding any subsequent trial on the issue].)

For these reasons, the trial court properly ruled that the South Bay defendants' September 20, 2020 motion to enforce the settlement agreement was procedurally improper. In light of our conclusion, we do not address the parties' arguments regarding the doctrines of collateral estoppel and law of the case, or whether the trial court could award damages under its section 664.6 authority to enforce settlements.

---

judgment. Further, the record before us does not appear to indicate that MDIG breached the settlement agreement regarding its dismissal obligation, although we need not and do not determine this issue.

12

### III. DISPOSITION

The order appealed from is affirmed.  Respondent is awarded its costs of appeal.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.