T. J. HOLT, Appellant, v. E. J. MANSFIELD et al., Respondents.

### St. Louis Court of Appeals, February 13, 1900.

1. **Judgment, Revival: ONLY BY SCIRE FACIAS.** The judgment was attempted to be revived by petition, ordinary summons and default. The judgment of revival is void, because by default and not on *scire facias.*

2. ———: ———: **BY DEFAULT VOID, WHEN.** A judgment can not be revived by default on a petition and an ordinary summons. A judgment of revival rendered thereon would be void.

Appeal from the Audrain Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

AFFIRMED.

*Fry & Clay* for appellant.

(1)    We understand the court sustained the motion on the grounds that the last revival in circuit court was not based on a *scire facias*, but on an ordinary summons.    This

ruling is in direct conflict with rulings of our appellate courts. "A *scire facias*, though informal, will be good if it contains enough to show what judgment is intended to be revived." Andrews v. Buckbee, 77 Mo. 428; Ins. Co. v. Hill, 17 Mo. App. 590. (2) "A proceeding by *scire facias* to revive a judgment is an action and the judgment therein is a new judgment." Walsh v. Bosse, 16 Mo. App. 231; Kratz v. Preston, 52 Mo. App. 253. We submit that Walsh v. Bosse, *supra*, is conclusive as to the correctness of appellant's contention. (3) The petition, service upon respondent (which was by certified copy of petition and summons) and judgment in the revival suit in circuit court was of the nature of a suit upon a former judgment. The judgment, therefore, of said suit was a valid judgment, even though there may have been some irregularity in the former judgment or transcript. Pratt v. Morrow, 45 Mo. 401; Sheehan v. Simms, 28 Mo. App. 64; McLaran v. Wilhelm, 50 Mo. App. 658.

*George Robertson* and *H. H. Larimore* for respondent.

The judgment before the justice was rendered August 10, 1878. The attempted revival was had January 24, 1890. In this case no *scire facias* was issued, which is a fatal non-compliance with the statute. A distinction between an ordinary summons and a writ of *scire facias* may be obtained in Walsh v. Bosse, 16 Mo. App. 233. The court in that case says: "A *scire facias* is deemed a judicial writ and founded on some matter of record as judgments." The above is not the meaning of an ordinary summons. Revival must be had by *scire facias* and not by ordinary petition and summons. Ins. Co. v. Hill, 17 Mo. App. 591. In the above case the court says: "An examination of that statute shows that no petition is required in such a proceeding. It is entirely proper that a petition should be filed; but it is not a

Holt v. Mansfield.

pleading any more than a petition for a *habeas corpus* or a mandamus is a pleading.    The defendant is not permitted to traverse it, but is required to make return to the *scire facias*, which writ must contain within itself a recital of the essential facts which, if true, are necessary to invoke the judgment of the court reviving the judgment recited therein." The petition is like the petition in a proceeding by *habeas corpus*, merely a suggestion to the court of the facts upon which the petitioner predicates his right to have the *scire facias* issue. For aught we can see such a suggestion may be made *ore tenus*. It is in no sense a pleading or the foundation of an action, and is hence not within the reason of the statute which requires a copy of the petition to be delivered in order to effect service of a summons in an original suit.

BLAND, P. J.—A motion to quash an execution issued on a revival judgment in the above entitled cause was sustained, from which ruling Holt, the execution plaintiff, appealed.    The judgment was revived on a petition and ordinary summons, and was by default.    As we held in Armstrong .v. Crooks, decided at this term, the judgment of revival is void because by default and not on *scire facias*.    For the reasons stated in the latter case, the judgment of the circuit court is affirmed.    Judge *Bond* concurs; Judge *Biggs* dissents.