In re John **LOBHERR**, Debtor.

No. RS 88–01380 MJ.

United States Bankruptcy Court, C.D. California.

Sept. 12, 2002.

T. Edward Malpass, Irvine, CA, for debtor.

## MEMORANDUM OF DECISION RE DEBTOR'S MOTION FOR DECLARATORY RELIEF

MEREDITH A. JURY, Bankruptcy Judge.

Debtor's motion for declaratory relief that renewal of a judgment during pendency of the automatic stay was null and void came on regularly for hearing on April 9, 2002 in courtroom 302 of the above entitled court, the Honorable Meredith A. Jury presiding. Franklin C. Adams, of Best, Best and Krieger, LLP appeared on behalf of Movant–Debtor John Lobherr, and the Law Office of Richard L. Enkelis appeared on behalf of Respondent, assignee of record of the state court judgment, Crystal Bergstrom dba Judicial Judgment Enforcement Services ("JJES"). This Court, having considered counsels' arguments presented in the moving and responsive papers, and those arguments offered in open court, ruled that the renewal of the judgment was a violation of the automatic stay and therefore void. This memorandum of decision supports that decision.

### I.

### INTRODUCTION.

The facts surrounding the instant matter are largely undisputed, based on the Joint Stipulation of Relevant Facts filed by the parties. On July 23, 1987, judgment was entered against Debtor John Lobherr ("Debtor") and in favor of the underlying judgment creditors Robert W. Mobarry, Elaine Mobarry, Robert G. Mobarry, and Mary D. Mobarry (collectively "the Mobarrys") for the sum of $248,114.09, in the Superior Court of California for the County of Riverside, Case No. 174770 ("state court judgment").

Debtor filed a petition for Chapter 11 bankruptcy protection on February 25, 1988. On May 31, 1988, the Mobarrys filed an adversary proceeding in the bankruptcy case. Through this adversary proceeding, the Mobarrys sought relief under 11 U.S.C. § 727 to deny Debtor his discharge and under 11 U.S.C. § 523 for a determination that the state court judgment was non-dischargeable. Debtor's case was converted to one under Chapter 7 on November 28, 1988. On November 16, 1990, the 11 U.S.C. § 727 cause of action was dismissed, and on April 19, 1991, this Court entered a judgment against Debtor determining that the state court judgment was non-dischargeable under 11 U.S.C. § 523.

On May 7, 1997, during the surprisingly long pendency of Debtor's case, the Mobarrys filed an application for renewal of the 1987 state court judgment pursuant to

California Code of Civil Procedure § 683.120 *et seq.*, without first obtaining relief from the automatic stay. On the same date, the Mobarrys also recorded both an abstract of the state court judgment in Riverside County, and a certified copy of the application to renew the judgment, again, without first obtaining relief from the stay.

Debtor received his discharge on December 21, 1999. Notice of the discharge was given on December 23, 1999, by the Clerk of the United States Bankruptcy Court, and Debtor's case was summarily closed on January 22, 2000. The Mobarrys assigned their interest in the state court judgment to Respondent JJES on March 23, 2001.

Upon Debtor's motion to reopen, the Court reopened Debtor's case on October 24, 2001, to hear the instant motion for declaratory relief. Debtor has alleged that the renewal of the state court judgment should be found null and void as a violation of the 11 U.S.C. § 362(a) automatic stay, and this Court so agrees, finding for Movant–Debtor in this proceeding.

## II.

### A. RENEWAL OF THE JUDGMENT CONSTITUTED A "JUDICIAL PROCESS" AND WAS WITHIN THE SPHERE OF THOSE ACTS CONGRESS CONTEMPLATED AS PROHIBITED BY THE AUTOMATIC STAY.

Pursuant to 11 U.S.C. § 362:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, adminis-

trative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that rose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

. . .

(c) Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12 or 13 of this title, the time a discharge is granted or denied.

Here, it is undisputed that the Mobarrys renewed their judgment during the pendency of the automatic stay, as the judgment was renewed on approximately May 7, 1997 and the Debtor was not granted his discharge until December 21, 1999.

Movant–Debtor argues that, due to the procedures for renewing a judgment as set forth in California Code of Civil Procedure ("CCP") sections 683.110 *et seq.*, the actual renewal of the judgment itself included the issuance or employment of process, citing a Missouri Bankruptcy case in support of

his argument, *In re Thomasson,* 66 B.R. 503 (Bankr.W.D.Mo.1986). In *Thomasson,* the Bankruptcy Court faced the issue of whether a judgment creditor could renew a judgment at any time within ten years of entry of the judgment, by serving a writ of *"scire facias"* on the judgment debtor. That court found that renewing a lien requires the continuation of a judicial action and, therefore, must by definition employ process and the issuance of process. *Thomasson,* 66 B.R. at 505.

Respondent, on the other hand, argues that the renewal of the judgment simply constituted a preservation of the "status quo", and contends that nothing in the act of renewing a judgment, without taking other steps, does anything to "create, perfect or enforce" a lien under § 362(a). Respondent cites 2nd Circuit case *In re Morton,* 866 F.2d 561, 562–63 (2nd Cir.1989) for the proposition that renewal of the judgment was not explicitly prohibited by section 362 of the Bankruptcy Code. The *Morton* court noted that "[s]ignificantly, [section 362(a) ] does not explicitly prohibit acts to *extend, continue* or *renew* otherwise valid statutory liens, nor is there any indication from the legislative history that [C]ongress intended such a result." *Morton,* 866 F.2d at 564 (emphasis in original).

The facts of both *Thomasson* and *Morton* are distinguishable from the instant case, as the judgment creditor in those cases renewed a judgment lien. This is a crucial distinguishing factor, as a judgment lien could be understood as having "passed through" the bankruptcy (unless appropriately avoided pursuant to 11 U.S.C. § 522); as such, one could at least arguably interpret the renewal of a judgment lien as an act which only preserves the "status quo".

California's statutory scheme for renewing judgments, however, more closely resembles a judicial action or proceeding— and such judicial proceedings are included in those acts prohibited by the automatic stay. To gain an understanding of the exact question before this Court, one must first delve into the history of California's legislative scheme regarding the renewal of judgments. In 1982, California enacted its first major revision of the state's enforcement of judgment laws, after the CCP was created in 1872. The new law was drafted by the California Law Revision Commission at the specific request of the legislature. The full report of the Commission, including the entire new statute and its official comments (both overall and on a section by section basis) is available at 1982 *Creditor's Remedies Legislation,* 16 California Law Revision Commission Reports, 1001, *et seq.*

Under California law, a judgment may be enforced for ten years from the date of entry of that judgment. *See* CCP § 683.020. In its Comments section, the Commission noted that "[u]nlike former Section 681, the 10 year period provided by Section 683.020 is not extended because enforcement of the judgment has been stayed or enjoined by court order or by operation of law." 16 California Law Revision Commission Reports 1001, 1208—Official Comments to § 683.020.

However, the CCP's newer section 683.210 allows for a renewal of a judgment during such a stay, and pursuant to the Official Comments: "Section 683.210 permits the judgment creditor to obtain an extension of the enforceability of a judgment even though a stay of enforcement is in effect. Renewal may be necessary if a judgment is temporarily stayed during the time that the 10–year enforcement period prescribed by Section 683.020 is running out. Renewal during a stay of enforcement does not affect the stay, but merely prevents the termination of the period of enforceability."

Respondent argues that renewing the judgment was largely ministerial in nature, more a procedural act than a judicial process. This argument is not persuasive. The renewal of judgment was not an action that could have been taken *ex parte*, without notice. Rather, the renewal process required service of the application for renewal on the judgment debtor, thus affording the judgment debtor the opportunity to object to the renewal. The fact that the Debtor here may have had few grounds on which to base an objection to the renewal is not relevant; what *is* relevant, is that California's statutory scheme for renewal of judgments required filing of the papers in the same court from which the original judgment was obtained, service on the adversarial party, and the possibility of objection. From such requirements this Court concludes that renewal of the judgment was a continuation of a proceeding against the Debtor as contemplated by § 362(a)(1) and, as such, was a violation of the automatic stay.

B. *SINCE 11 U.S.C. § 108(C) TOLLS THE RUNNING OF THE STATE'S STATUTE OF LIMITATIONS FOR ENFORCEMENT OF THE JUDGMENT, CREDITOR'S RENEWAL OF THE JUDGMENT WITHOUT FIRST SEEKING RELIEF FROM THE AUTOMATIC STAY WAS PROCEDURALLY IMPROPER AND VIOLATIVE OF THE AUTOMATIC STAY.*

█ Respondent argues that it has long been recognized that a federal court must follow the laws of the states as interpreted by the courts in the state where the federal court sits, unless Congress has passed legislation preempting the field. *See Amy v. Dubuque*, 98 U.S. 470, 25 L.Ed. 228 (1878). The Court does not dispute this law; rather, this Court disagrees with Respondent's assertion that no provision in the California statutory scheme for renewal of judgments contradicts the Bankruptcy Code.

11 U.S.C. § 108(c) provides:

Except as provided in section 524 of this title, if applicable nonbankruptcy law, ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such a period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

Although the California legislature, via CCP § 683.210, has provided a procedure preventing the lapse of a creditor's judgment in the event that enforcement of that judgment is stayed, neither the state court nor the state legislature has the jurisdiction to determine the *application* of such a stay. Here, the Bankruptcy Code has unequivocally set forth the manner and application of the automatic stay in a bankruptcy case. Section 108(c) would have no meaning without the automatic stay. To the extent that § 108(c) conflicts with the time period for renewing a judgment under California state law, § 108(c) preempts the California statutory scheme.

Respondent argues that because CCP § 683.210 does not interfere with any rights of the Debtor and just preserves the "status quo", the state statutory scheme thus may operate without detriment to any of Debtor's rights. Though that very well may be true in this instance in a practical

sense, the argument does not take into consideration the very broad interpretation the 9th Circuit Court of Appeals has afforded the automatic stay. The 9th Circuit has held that even a *debtor* may not prosecute *her own* appeal without first obtaining relief from the automatic stay. *See generally Ingersoll–Rand Financial Corp. v. Miller Mining Co.,* 817 F.2d 1424 (9th Cir.1987); *Parker v. Bain,* 68 F.3d 1131 (9th Cir.1995). It would follow that here—even though the state court judgment was found non-dischargeable by this Court in 1991—a renewal of the state court judgment without first obtaining relief from the automatic stay would be violative of the stay, regardless of whether the renewal has any immediate impact on Debtor's rights.

 In sum, § 108(c) was intended to give the state court creditor a way to keep her rights intact (including the renewal of judgments) for 30 days after notice of the termination of the automatic stay. Respondent here was not precluded from protecting its rights to the judgment. Respondent instead improperly renewed the judgment in accordance with the state statutory scheme, when the Bankruptcy Code specifically contained a provision for the tolling of the statute of limitations for the renewal of that judgment, preempting state law. Since Respondent failed to obtain relief from stay before renewing the judgment, Respondent's action constituted a violation of the automatic stay, and thus, was void.

### III.

### *CONCLUSION.*

Respondent's renewal of the state court judgment was a violation of the automatic stay. The federal statutory scheme regarding the retention of a creditor's rights to a claim against the Debtor directly con-

tradicts the state statutory scheme, and thus preempts it. Rather than turning on whether the action had an immediate impact on Debtor's rights, the issue turns on the fact that renewal constituted a judicial process or action; as such, the renewal is included in the range of acts as contemplated by Congress to be prohibitive of the automatic stay, pursuant to 11 U.S.C. § 362(a).