Filed 6/4/21
*See concurring opinion*

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| JASON RUBIN, as Trustee, etc. et al., | |
| Plaintiffs and Respondents, | E074210 |
| v. | (Super.Ct.No. INC031863) |
| DAVID ROSS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. David M. Chapman, Judge. Affirmed.

Law Offices of Michael L. Tusken and Michael L. Tusken for Defendant and Appellant.

Hemar, Rousso & Heald and J. Alexandra Rhim for Plaintiffs and Respondents.

## I. INTRODUCTION

In 2007, plaintiffs and respondents Jason Rubin and Cira Ross, as cotrustees of the Cira Ross Qualified Domestic Trust (judgment creditors) obtained a civil judgment against defendant and appellant David Ross (judgment debtor). On January 13, 2009,

1

judgment debtor filed for voluntary bankruptcy under chapter 7 of the United States Bankruptcy Code. (11 U.S.C. § 701 et seq.)[1] In April 2019, following an order denying judgment debtor a discharge in bankruptcy, judgment creditors filed for renewal of their judgment pursuant to Code of Civil Procedure sections 683.120 and 683.130.

Judgment debtor moved to vacate the judgment on the ground that judgment creditors failed to seek renewal within the 10-year time period proscribed in Code of Civil Procedure section 683.130. The trial court denied the motion, concluding that judgment creditor's renewal was timely because title 11 United States Code section 108(c) provided for an extension of time within which to seek renewal.

Judgment debtor appeals, arguing that judgment creditors were not precluded from seeking renewal by his bankruptcy proceeding and, therefore, section 108(c)[2] does not apply to provide an extension of time to seek renewal of their judgment. We agree that judgment creditors were not barred from seeking statutory renewal of their judgment during the pendency of judgment debtor's bankruptcy proceeding but conclude that the extension provided for in section 108(c) applies regardless, and we affirm the order.

---

[1] Undesignated statutory references are to title 11 of the United States Code.

[2] As relevant here, section 108(c) provides in pertinent part: "[I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the [debtor's bankruptcy] petition, then such period does not expire until . . . (2) 30 days after notice of the termination or expiration of the stay under [section 362] . . . as the case may be, with respect to such claim."

## II. FACTS AND PROCEDURAL HISTORY

On February 22, 2007, judgment creditors obtained a judgment against judgment debtor in a civil action. The judgment was subsequently amended on March 11 and October 9, 2008.

On January 13, 2009, judgment debtor filed for voluntary bankruptcy under chapter 7 of the United States Bankruptcy Code (11 U.S.C. § 701 et seq.) in the United States Bankruptcy Court for the Central District of California (Bankruptcy Court). On March 19, 2019, the Bankruptcy Court granted judgment creditors relief from the bankruptcy stay for the purpose of seeking renewal of their judgment, but it also specified that all other efforts to seek enforcement of the judgment remained stayed. Following a trial, the Bankruptcy Court denied discharge and gave notice of its order on April 1, 2019.

On April 11, 2019, judgment creditors filed an application for renewal of their judgment in the superior court, and notice of renewal of the judgment was issued and filed that same date.

On June 11, 2019, judgment debtor filed a motion to vacate the renewed judgment on the ground that judgment creditors failed to seek renewal within the 10-year time period proscribed in Code of Civil Procedure section 683.130. On September 25, 2019, after a careful review of all of the issues before it, the trial court denied the motion, concluding that pursuant to title 11 United States Code section 108(c), judgment creditors had until 30 days after the expiration of any bankruptcy stay to seek renewal of the judgment.

## III.  DISCUSSION

A.  *Applicable Legal Principles and Standard of Review*

"Code of Civil Procedure [s]ection 683.020, which defines the period for enforceability of judgments, provides after the expiration of 10 years after the date of entry of a money judgment . . . the judgment may not be enforced.  One way to preserve such a judgment is to file an application for renewal under the terms of Code of Civil Procedure sections 683.120 and 683.130 *before* the expiration of the 10-year enforceability period.  Such application automatically renews the judgment for a period of 10 years." (*Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 372-373 (*Kertesz*).)

Pursuant to Code of Civil Procedure section 683.170, subdivision (a), a "renewal of a judgment . . . may be vacated on any ground that would be a defense to an action on the judgment."  "The judgment debtor bears the burden of proving, by a preponderance of the evidence, that he or she is entitled to relief under [Code of Civil Procedure] section 683.170.  [Citations.]  On appeal, we examine the evidence in a light most favorable to the order under review and the trial court's ruling for an abuse of discretion." (*Fid. Creditor Serv. v. Browne* (2001) 89 Cal.App.4th 195, 199 (*Fid. Creditor Serv.*).)  Nevertheless, "the abuse of discretion standard does not allow trial courts to apply an incorrect rule of law.  [Citation.]  Consequently, a trial court's resolution of a question of law is subject to independent (i.e., de novo) review on appeal." (*County of Kern v. T.C.E.F., Inc.* (2016) 246 Cal.App.4th 301, 316.)

Here, both parties agree the issues presented on this appeal are strictly issues of law and therefore subject to de novo review.  The parties do not dispute that judgment

4

creditors submitted their application for renewal of their judgment within 30 days of the expiration of any applicable bankruptcy stay. They only dispute whether statutory renewal was barred by the automatic stay imposed during the pendency of the judgment debtor's bankruptcy action, and whether section 108(c) extends the time within which to seek renewal of the judgment as a result. Thus, we are presented with two issues of law subject to our de novo review: (1) whether an automatic stay pursuant to title 11 United States Code section 362 precludes a party from seeking a statutory renewal of a judgment under Code of Civil Procedure sections 683.120 and 683.130, and (2) whether title 11 United States Code section 108(c) operates to extend[3] the time within which a party has to seek renewal of a judgment.

The parties contend there are no California authorities addressing either of these issues, and our independent research has found no published California cases specific to the statutory renewal of judgment process. Instead, the parties cite to competing opinions

---

[3] Judgment creditors use the term "toll" in presenting their arguments on appeal. However, the use of the term "toll" with respect to section 108(c) is misleading. "The term 'tolled' in the context of the statute of limitations is commonly understood to mean 'suspended' or 'stopped.' As [the California] Supreme Court has explained, when a statute of limitation is tolled, 'the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded. As a consequence, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred.' " (*Mitchell v. State Dept. of Public Health* (2016) 1 Cal.App.5th 1000, 1011.) In contrast, section 108(c) has been interpreted to provide a 30-day "grace period" or "extension" for a judgment creditor to perform any act necessary to commence or continue a claim following the expiration of a bankruptcy stay. (*Rogers v. Corrosion Prods.* (5th Cir. 1995) 42 F.3d 292, 297; see *In re Spirtos* (9th Cir. 2000) 221 F.3d 1079, 1080-1081 (*Spirtos*).)

issued by federal district courts and the bankruptcy appellate panel of the Ninth Circuit.[4]
The case most factually on point appears to be *In re Lobherr* (Bankr. C.D.Cal. 2002) 282 B.R. 912 (*Lobherr*), in which a bankruptcy court concluded that section 362 preempts California law with respect to statutory renewal of judgments and, as a result, section 108(c) extends the time within which a judgment creditor has to seek renewal.

However, decisions of lower federal courts are not binding on us, even on questions of federal law. (*Barriga v. 99 Cents Only Stores LLC* (2020) 51 Cal.App.5th 299, 316, fn. 8.) Instead, "lower federal court decisions on federal questions are persuasive authority . . . ." (*Credit Managers Assn. of California v. Countrywide Home Loans*, *Inc*. (2006) 144 Cal.App.4th 590, 598; see *People ex rel. Lungren v. Comty. Redevelopment Agency* (1997) 56 Cal.App.4th 868, 885, fn. 10.) Upon consideration of the issues presented, we disagree with the bankruptcy court in *Lobherr* to the extent it concluded title 11 United States Code section 362 preempts and precludes a party from seeking statutory renewal of a judgment under the Code of Civil Procedure, but we

---

[4] Bankruptcy appeals are generally governed by title 28 United States Code section 158, which in turn provides that the circuit court may establish a bankruptcy appellate panel as an alternative to fill the role of a federal district court in hearing appeals from the bankruptcy court. (*Connecticut Nat'l Bank v. Germain* (1992) 503 U.S. 249, 252.) A party seeking to appeal from a bankruptcy proceeding "may choose between a Bankruptcy Appellate Panel, if one exists in the Circuit, [or] a District Court to hear its appeal." (*In re Ashai* (C.D. Cal. 2016) 211 F.Supp.3d 1215, 1228; 28 U.S.C. § 158(c).) Thus, the bankruptcy appellate panel holds authority similar to that of a federal district court and its decisions do not bind the district courts. (*Bank of Maui v. Estate Analysis* (9th Cir. 1990) 904 F.2d 470, 472.) Like the decisions of a federal district court, the decisions of a bankruptcy appellate panel are persuasive authority, but not necessarily binding as appellate authority throughout the circuit. (*In re Silverman* (9th Cir. 2010) 616 F.3d 1001, 1005.)

ultimately agree with its conclusion that title 11 United States Code section 108(c) extends the time within which a party has to seek renewal of a judgment. Accordingly, we find no error warranting reversal of the trial court's order denying judgment debtor's motion to vacate.

B. *Judgments May Be Renewed During Pendency of a Bankruptcy Stay*

The Code of Civil Procedure expressly provides that "[a] judgment may be renewed notwithstanding any stay of enforcement of the judgment, but the renewal of the judgment does not affect the stay of enforcement." (Code Civ. Proc., § 683.210.) Generally, the filing of a bankruptcy action imposes a stay under title 11 United States Code section 362. "Section 362(a) 'provides for a broad stay of litigation, lien enforcement and other actions, judicial or otherwise, that are attempts to enforce or to collect prepetition claims. It also stays a wide range of actions that would affect or interfere with property of the estate, property of the debtor or property in the custody of the estate.' " (*Kertesz, supra*, 115 Cal.App.4th at p. 373.) "While the scope of the automatic stay is broad, '[t]he requisite showing of interference with the [debtor's bankruptcy] estate must be present . . . to stay an action. . . .' " (*Grant v. Clampitt* (1997) 56 Cal.App.4th 586, 590.) The question we are asked to decide is not whether the stay provisions of section 362 apply to this action generally. We have no doubt that it does. Instead, the question is properly framed as whether the stay imposed by section 362 operates to prohibit the specific act of renewing a judgment as authorized under Code of Civil Procedure section 683.210. We conclude that it does not.

7

"[T]he supremacy clause vests Congress with the power to preempt state law. 'Congress may exercise that power by enacting an express preemption provision, or courts may infer preemption under one or more of three implied preemption doctrines: conflict, obstacle, or field preemption.' " (*People ex rel. Harris v. Pac Anchor Transportation*, *Inc.* (2014) 59 Cal.4th 772, 777.) "Express preemption occurs when Congress defines the extent to which its enactments preempt state law. [Citation.] Conflict preemption is found when it is impossible to comply with both state and federal law simultaneously. [Citation.] Obstacle preemption occurs when state law stands as an obstacle to the full accomplishment and execution of congressional objectives. [Citation.] Field preemption applies when federal regulation is comprehensive and leaves no room for state regulation." (*Id.* at pp. 777-778.)

As a threshold matter, the doctrines of express and field preemption clearly do not apply to the case before us. As the Ninth Circuit Court of Appeals has observed, bankruptcy law is generally considered an area where " 'federal law coexists peaceably with, and often expressly incorporates, state laws regulating the rights and obligations of debtors . . . and creditors.' " (*In re Tippett* (9th Cir. 2008) 542 F.3d 684, 689.) Thus, we consider whether Code of Civil Procedure section 683.210 presents an actual conflict or obstacle to the full accomplishment of the objectives of the automatic stay under title 11 United States Code section 362. Absent an actual conflict or obstacle to the accomplishment of Congress's objectives, this court has no authority to ignore an equally valid enactment by the California State Legislature.

8

In considering whether an actual conflict exists, we are mindful that, "[e]ven though bankruptcy is one of only two federal legislative powers in Article 1, Section 8 of the Constitution in which the power to make 'uniform' laws is made explicit, the presumption against displacing state law by federal bankruptcy law is just as strong in bankruptcy as in other areas of federal legislative power." (*PG&E Co. v. Cal. ex rel. Cal. Dept of Toxic Substances Control* (9th Cir. 2003) 350 F.3d 932, 943.)

The stay imposed by section 362 has multiple components. On the one hand, it precludes the "commencement or continuation, including the issuance or employment of process . . . against the debtor . . . to recover a claim against the debtor . . . ." (§ 362(a)(1).) On the other hand, it has a specific subdivision that stays only "enforcement . . . of a judgment obtained before the commencement of the case." (§ 362(a)(2).) As these provisions make clear, the statutory scheme contemplates a stay of further proceedings intended to obtain new judgments against the debtor while staying only acts of enforcement pertaining to judgments already in existence at the time the debtor files for bankruptcy.

Given these statutory provisions set forth in section 362, we find no conflict in California's provision for statutory renewal of judgments. Under California law, "[t]he statutory renewal of judgment is an automatic, ministerial act accomplished by the clerk of the court; entry of the renewal of judgment does not constitute a new or separate judgment. . . . 'No court order or new judgment is required. The court clerk simply enters the renewal of judgment in the court records.' . . . '[R]enewal does not create a new judgment or modify the present judgment [but] merely extends the enforceability of

9

the judgment.' . . . The renewed judgment 'has no independent existence' from the original judgment." (*Goldman v. Simpson* (2008) 160 Cal.App.4th 255, 262 (*Goldman*).) Further, the statutory scheme preserves any stay with respect to enforcement of the judgment even after it is renewed. (Code Civ. Proc., § 683.210.) Accordingly, California's renewal of judgment process does not create any new liability that did not already exist prior to the bankruptcy action and, even when a judgment is renewed, any stay of enforcement is fully preserved. Such procedures do not conflict with or present any obstacle to the purpose of section 362 such that preemption should apply.

We recognize that the bankruptcy court in *Lobherr* reached a contrary conclusion, holding that Code of Civil Procedure section 683.210 is preempted by title 11 United States Code section 362. (*Lobherr*, *supra*, at 282 B.R. at pp. 914-916.) Upon careful review of *Lobherr*, we find its reasoning unpersuasive on this point.

The bankruptcy court in *Lobherr* concluded that the act of renewing a judgment was barred by section 362 (a)(1) because it constitutes "the issuance or employment of process" against the debtor in a bankruptcy as opposed to a ministerial act. (*Lobherr*, *supra*, 282 B.R. at pp. 914-915.) As we have already explained, California authorities have long recognized that the process of renewing a judgment is indeed a ministerial act, involving only the clerk of the court processing a form. (*Goldman*, *supra*, 160 Cal.App.4th at p. 262.)

In concluding otherwise, the bankruptcy court in *Lobher*r reasoned that a renewal of judgment could not be merely ministerial because the renewal "was not an action that could have been taken *ex parte*, without notice" and "required service of the application

10

for renewal on the judgment debtor." (*Lobherr*, *supra*, 282 B.R. at p. 916.) However, as recently explained by our colleagues in the First Appellate District, a renewal of judgment is in fact an ex parte procedure: " '[T]here is no statutory requirement that the notice of renewal be served on the judgment debtor in order for the renewal to be effective. . . . The statute instead provides that the judgment creditor may not initiate any enforcement proceedings unless and until the judgment debtor has been served with the notice of renewal[,]' [and] [¶] [o]nce the notice of renewal is served, the debtor has 30 days to make a motion to vacate or modify the renewal." (*Altizer v. Highsmith* (2020) 52 Cal.App.5th 331, 339.)

Thus, we agree with the bankruptcy court in *Lobherr* to the extent it concluded title 11 United States Code section 362 prevents service of the notice of renewal on the judgment debtor, since such would constitute service of process as a prerequisite to any act of enforcement. Nonetheless, merely submitting an application for renewal of a judgment, in and of itself, presents no conflict with the purposes of a stay under the bankruptcy code. Such an act does not require service on the judgment debtor to effectuate a renewal; initiates only a ministerial act by the clerk of the court; and does not allow the judgment creditor to proceed with any enforcement of the judgment while a bankruptcy stay remains in effect. Because it appears the bankruptcy court relied upon a mistaken view of California law with respect to renewal of judgments to conclude that Code of Civil Procedure section 683.210 is preempted by section 362, we are not persuaded by its reasoning.

Finally, we note that distinguishing between the act of renewal and the acts necessary to enforce a renewed judgment is not unreasonable. It is apparent that the California legislature expressly recognized this very distinction by enacting section 683.210. The Ninth Circuit Court of Appeals has previously noted that consideration of a judgment's renewal as distinguishable from its enforcement is a "fair point." (*In re Swintek* (9th Cir. 2018) 906 F.3d 1100, 1105-1106.) Similar distinctions have been recognized by the courts in analogous situations. (See *Shorr v. Kind* (1991) 1 Cal.App.4th 249, 258 [formal entry of judgment was permitted notwithstanding the existence of an automatic stay where the judgment was based upon proceedings that had concluded prior to filing bankruptcy petition and entry of judgment did not "constitute enforcement of or affirmative action with respect to the decision as entered"]; see also *Valencia v. Rodriguez* (2001) 87 Cal.App.4th 1222, 1227-1228 [settlement agreement entered into by a bankruptcy debtor while an automatic stay was in effect may be enforced so long as the acts taken to enforce the settlement occur after expiration of the stay].)

We conclude the act of renewing a judgment, in and of itself, is expressly permitted under section 683.210, and that any stay imposed pursuant to title 11 United States Code section 362 operates only to prohibit subsequent acts intended to enforce a renewed judgment. Such interpretation seeks to harmonize the relevant statutes in a manner that gives effect to the intent of the California legislature in enacting section 683.210 without creating an actual conflict or obstruction to the intent of Congress in providing for the automatic bankruptcy stay.

C. *Application of Title 11 U.S.C. Section 108(c) Extends Period to Renew Judgment by 30 Days*

While we agree with judgment debtor that judgment creditors were not precluded from seeking renewal of their judgment during the pendency of judgment debtor's bankruptcy proceeding, we agree with judgment creditors that the ability to renew a judgment is not dispositive here because the inability to enforce the judgment triggers an extension of time under section 108(c).

Again, the parties do not identify any published California authorities addressing this specific question, and our independent research has revealed none. We do note that the Ninth Circuit Court of Appeals has expressly concluded that title 11 United States Code section 108(c) operates to extend the time within which a judgment creditor has to seek the renewal of a judgment under Code of Civil Procedure section 683.110 et seq. until 30 days after the expiration of a bankruptcy stay. (*Spirtos*, *supra*, 221 F.3d at pp. 1080-1081.)[5] As judgment debtor correctly points out, this court is not bound by the Ninth Circuit's opinion on this issue. (*Choate v. County of Orange* (2000) 86 Cal.App.4th 312, 327-328 ["In interpreting federal statutes . . . , we are bound to follow controlling opinions of the United States Supreme Court, but are not bound to

---

[5] Judgment creditors also cite to "*In re Swintek* (9th Cir. 2018) 906 F.3d 100" for this proposition. We note that judgment creditors appear to have conflated two different cases. The block quotation appearing in their brief is from a Ninth Circuit Bankruptcy Appellate Panel (*In re Swintek* (Bankr. 9th Cir. B.A.P. 2015) 543 B.R. 303, 309) and not from the Ninth Circuit Court of Appeals itself.

follow federal circuit or district court decisions."].)  Nevertheless, we find the reasoning in *Spirtos*, *supra*, 221 F.3d 1100 sound and reach the same conclusion in this case.

Section 108(c) provides:  "[I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the [debtor's bankruptcy] petition, then such period does not expire until . . . (2) 30 days after notice of the termination or expiration of the stay under [section 362] . . . , as the case may be, with respect to such claim."

Under a plain reading of the statute, the undisputed facts of this case trigger its extension provisions.  Code of Civil Procedure sections 683.120 and 683.130 are nonbankruptcy statutes that fix a 10-year period within which a judgment creditor may seek to renew a judgment; the application for renewing the judgment at issue here was filed with the superior court—a court other than a bankruptcy court; and the 10-year period within which judgment creditor had to seek renewal had not yet expired at the time judgment debtor filed his bankruptcy petition.  Accordingly, all the statutory prerequisites for an extension of time provided by section 108(c) are present in this case.

While we have concluded that the bankruptcy stay imposed by section 362 did not prevent the judgment creditors from filing their application for renewal at an earlier time, nothing in the text of section 108(c) conditions its grant of an extension upon the fact that the judgment creditor was actually prohibited from acting because of a bankruptcy stay. Section 362 is referenced in section 108(c) only as the date used to calculate the 30-day extension of time granted under the statute.  (§ 108(c).)

14

Nor is it unreasonable to conclude that Congress intended section 108(c) to apply to the situation presented here. " 'The purpose of the automatic stay is to give the debtor a breathing spell from his creditors [and] preven[t] piecemeal diminution of the debtor's estate . . . [while] not necessarily prevent[ing] all activity outside the bankruptcy forum.' " (*Tully v. World Savings & Loan Assn.* (1997) 56 Cal.App.4th 654, 662.) Presumably, any creditors holding a judgment against a debtor in bankruptcy might ultimately resolve their claims in the bankruptcy forum. Thus, even if a specific act such as renewal of a judgment is not prohibited by the bankruptcy stay, it makes sense for Congress to grant an extension to perform such an act because it may ultimately become moot or unnecessary as a result of the bankruptcy proceeding.

Additionally, a contrary interpretation would produce an anomalous result. "California's Enforcement of Judgments Law . . . grants judgment creditors seeking to extend the enforceability of a final judgment two options: (1) they can file an application with the court that issued the judgment to renew that judgment for another 10 years [citations], or (2) they can file an action to enforce the judgment, and as long as that action is timely filed, the creditors are entitled to enforcement." (*Arrow Highway Steel*, *Inc. v. Dubin* (2020) 56 Cal.App.5th 876, 883.) The addition of the alternative statutory renewal procedure "was not intended to replace the then existing method to extend the life of a judgment—an independent action on the judgment [but] intended to save time and money while remaining fair to the judgment debtor by affording him or her the opportunity to assert any defense that could have been asserted in an independent action." (*Fid. Creditor Serv*., *supra*, 89 Cal.App.4th at p. 201.)

15

California case law has unambiguously recognized that section 108(c) extends the time within which to bring an independent action to enforce the judgment. (*Kertesz*, *supra*, 115 Cal.App.4th at pp. 377-378.)[6] Thus, interpreting section 108(c) to preclude the extension of the statutory renewal process would not preserve any interest advanced by California's statute of duration for enforcement of judgments, as judgment creditors would still be entitled to enforce judgments beyond the duration period by filing an independent action. Instead, it would only deprive judgment creditors of the ability to employ the more cost-effective method of renewing their judgment by application— obviating the very time and cost savings that the Legislature intended to provide by adopting the alternative statutory renewal procedure. We see no logical reason to adopt a statutory interpretation that would ultimately result in advancing none of the legislative goals underlying their enactment.[7]

For the above reasons, we conclude that section 108(c) operates to extend the time within which judgment creditors had to seek renewal of their judgment until 30 days after expiration of the bankruptcy stay imposed as a result of judgment debtor's filing of a petition in bankruptcy court. It is undisputed that judgment creditors in this case filed their application for renewal within this time period. As such, the trial court did not err in

---

[6] The Court of Appeal in *Kertesz*, *supra*, reached this conclusion based upon California statutes providing for tolling of any statute of limitations due to "statutory prohibitions," such as a bankruptcy stay. (115 Cal.App.4th at p. 378.)

[7] Generally, courts are to " 'select the construction [of statutes] that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " (*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 977-978.)

16

denying judgment debtor's motion to vacate the renewed judgment on the ground that it was renewed untimely.

## IV.  DISPOSITION

The order is affirmed.  Respondents to recover their costs on appeal.

CERTIFIED FOR PUBLICATION


<u>FIELDS</u>
J.

I concur:


<u>McKINSTER</u>
Acting P. J.

17

[*Rubin, as Trustee, etc. et al., v. Ross*, E074210]

MENETREZ, J., Concurring.

Under title 11 United States Code section 362(a)(1) (section 362(a)(1)), the filing of a bankruptcy petition stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before" the petition was filed, subject to exceptions not relevant here.

Under title 11 United States Code section 108(c) (section 108(c)), the filing of a bankruptcy petition extends any unexpired deadline "for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor," subject to exceptions not relevant here.

The majority opinion holds that the extension under section 108(c) applies to the filing of an application to renew a superior court judgment, but the stay under section 362(a)(1) does *not* apply. I agree that section 108(c) applies, but I believe that section 362(a)(1) must apply as well, because the language of the two statutes is materially indistinguishable. I therefore concur in the judgment.

Filing an application to renew a judgment constitutes a continuation of a civil action in a nonbankruptcy court on a claim against the debtor. Section 108(c) therefore applies. But if filing an application to renew a judgment is a continuation of a civil action in a nonbankruptcy court on a claim against the debtor, then it must also be a continuation of a judicial action against the debtor. Section 362(a)(1) therefore must apply as well.

1

In addition, putting aside the comparison with section 108(c), the filing of an application to renew a judgment must constitute a continuation of a judicial action against the debtor under section 362(a)(1). The creditor files the application in the same court that entered the judgment and under the same case number. It is thus a continuation of the judicial action in which the judgment was entered. Moreover, although the application itself does not have to be served and the filing of the application triggers a merely ministerial duty for the clerk to enter the renewal (Code Civ. Proc., § 683.150), the entry of the renewal triggers a statutory duty for the creditor to notify the debtor (*id.*, § 683.160), which triggers the start of a 30-day period for the debtor to seek to vacate or modify the renewal (*id.*, § 683.170). Thus, the filing of the application initiates a mandatory litigation process of notice and opportunity to respond. I see no way of avoiding the conclusion that the filing of the application is a continuation of a judicial action against the debtor.

I therefore disagree with the majority opinion's rejection of *In re Lobherr* (Bankr. C.D.Cal. 2002) 282 B.R. 912 (*Lobherr*), which held that the automatic stay under section 362(a)(1) applies to the filing of an application to renew a superior court judgment. I grant that *Lobherr* contains a small mistake: It states that California law "require[s] service of the application for renewal on the judgment debtor." (*Lobherr*, at p. 916.) That is not correct, because *the application* need not be served. Rather, the clerk is required to grant the application by entering the renewal, and the creditor must then serve notice of *the renewal*. (Code Civ. Proc., §§ 683.150, 683.160.) But that minor error has no effect on the soundness of *Lobherr*'s analysis: "California's statutory

2

scheme for renewal of judgments require[s] filing of the papers in the same court from which the original judgment was obtained, service on the adversarial party, and the possibility of objection," so it is "a continuation of a proceeding against the Debtor" within the meaning of section 362(a)(1).  (*Lobherr*, at p. 916.)

For the foregoing reasons, I concur in the judgment.  The extension under section 108(c) applies to an application for renewal of a judgment in superior court, but the automatic stay under section 362(a)(1) applies as well.

MENETREZ

J.

3